USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/6/2020

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA,         :       18 CR 767 (VM)
                                  :
       -against-                  :
                                  :           ORDER
GZIMI BOJKOVIC,                   :
                                  :
                    Defendant.    :
----------------------------------X
```

**VICTOR MARRERO, U.S.D.J.:**

Defendant Gzimi Bojkovic ("Bojkovic") is currently scheduled to be sentenced on October 15, 2020 at 12:00 p.m. He requests that his sentencing be conducted remotely, by either videoconference or teleconference, pursuant to the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, 134 Stat. 281 (2020) (the "CARES Act"), and the operative standing order issued by the Chief Judge of the United States District Court for the Southern District of New York regarding video and telephone conferencing for criminal proceedings. (See Dkt. No. 162.).

If the sentencing is conducted remotely, the Government requests an adjournment until early November 2020 due to scheduling conflicts. (See Dkt. No. 163.) Bojkovic consents to this request. However, the Government opposes Bojkovic's request for a remote sentencing. As the Government points out, Section 15002(b) of the CARES Act allows for felony sentencing proceedings to be held via video teleconferencing

1

and telephone conferencing only when the district judge "in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." See also In re Coronavirus/COVID-19 Pandemic, Second Amended Standing Order re: Video Teleconferencing and Telephone Conferencing for Criminal Proceedings, 20 Misc. 176, Dkt. No. 3, at 3 (S.D.N.Y. Sept. 16 2020) (authorizing the use of video or telephone conferencing for felony sentencings only upon a finding by the presiding judge that the "proceeding cannot be further delayed without serious harm to the interests of justice.") (Mar. 30, 2020). The Government argues that a delay until December 2020 or January 2021, when the Government believes the Court will be able to hold a sentencing in person, would not cause serious harm to the interests of justice. In support of this argument, the Government notes that the Presentence Report issued by the United States Probation Office on September 4, 2020 states that the applicable sentencing range under the United States Federal Sentencing Guidelines is 51 to 63 months' imprisonment and that Bojkovic has not spent even half that much time in custody.

Bojkovic spent four months in custody before satisfying bail conditions. Though he remained on bail after he pled guilty on October 7, 2019, he voluntarily surrendered himself on November 12, 2019 to detention pending sentencing. In total, he has spent nearly 15 months in custody. Bojkovic points out that, due to the ongoing public health crisis, he has been subjected to 23-hour daily lockdowns and other heightened restrictions while in custody.

The Court is persuaded that delaying Bojkovic's sentencing beyond early November would cause serious harm to the interests of justice. Although the Government expects that this Court will be able to conduct an in-person sentencing in December or January, the Court's ability to do so is not certain. Rather, the Court's ability to conduct in-person proceedings is dependent on the evolving pandemic conditions in this region. Bojkovic currently "does not know what his sentence will be or even when this Court can conduct an in-person sentencing," and "this uncertainty can impair the interests of justice." United States v. Cohen, No. 19 CR 741, 2020 WL 2539115, at *2 (S.D.N.Y. May 19, 2020). The Second Circuit recognizes that "[d]elay in sentencing may leave the defendant, as well as the victim, in limbo concerning the consequences of conviction" and "may have a

3

detrimental effect on rehabilitation." United States v. Ray, 578 F.3d 184, 198 (2d Cir. 2009) (alteration in original) (quoting 3 Charles Alan Wright et al., Federal Practice & Procedure: Criminal § 521.1 (3d ed. 2004)). Additionally, conducting Bojkovic's sentencing in early November "promotes judicial economy." Cohen, 2020 WL 2539115, at *2. It "preempt[s] the parties' [potential] motions to this Court requesting further scheduling changes." Id.; United States v. Portolyoni, No. 09 CR 674, 2020 WL 5604047, at *3 (S.D.N.Y. Sept. 18, 2020). It also avoids adding to "the existing backlog of cases in the federal court system" and the "deluge of [requests for] hearings once in-person proceedings can safely resume." Cohen, 2020 WL 2539115, at *2.

For the above reasons, Bojkovic's request for a remote sentencing (Dkt. No. 162) is granted. The sentencing is hereby adjourned until November 13, 2020 at 9:00 a.m. Unless otherwise ordered by this Court, the proceeding shall be conducted by teleconference. To join the proceeding, all participants are directed to use the dial-in number 888-363-4749 and access code 8392198.

**SO ORDERED:**

Dated:   New York, New York
         6 October 2020

_____
Victor Marrero
U.S.D.J.